UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:<br><br>Bevan T. Cooney,<br><br>    Debtor(s).<br>_____ / | Case No. 17-03016-jwb<br>Chapter 7 Filed: 06/21/17<br>Honorable James W. Boyd<br>U.S. Bankruptcy Judge |
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>    Plaintiff,<br><br>v.<br><br>Bevan T. Cooney,<br><br>    Defendant.<br>_____ / | Adv. Pro. Case No. 17-80154 |

### MOTION FOR ENTRY OF CONSENT JUDGMENT AND ORDER DETERMINING DEBT NON-DISCHARGEABLE

The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan (collectively "Michelin"), by its attorneys, Miller Johnson, states for its *Motion for Entry of Consent Judgment and Order Determining Debt Non-Dischargeable* ("Motion"), as follows:

  1.  This case was commenced by the filing by Bevan T. Cooney ("Debtor") of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on June 21, 2017.

  2.  Laura J. Genovich ("Trustee") was appointed and continues to serve as the Chapter 7 Trustee.

  3.  Michelin asserts it is a creditor of the Debtor by virtue of illegally obtained retirement funds by the Debtor.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:<br><br>Bevan T. Cooney,<br><br>    Debtor(s).<br>_____ / | Case No. 17-03016-jwb<br>Chapter 7 Filed: 06/21/17<br>Honorable James W. Boyd<br>U.S. Bankruptcy Judge |
| The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan,<br><br>    Plaintiff,<br><br>v.<br><br>Bevan T. Cooney,<br><br>    Defendant.<br>_____ / | Adv. Pro. Case No. 17-80154 |

## MOTION FOR ENTRY OF CONSENT JUDGMENT AND ORDER DETERMINING DEBT NON-DISCHARGEABILE

The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan (collectively "Michelin"), by its attorneys, Miller Johnson, states for its *Motion for Entry of Consent Judgment and Order Determining Debt Non-Dischargeable* ("Motion"), as follows:

1. This case was commenced by the filing by Bevan T. Cooney ("Debtor") of a voluntary petition under Chapter 7 of the United States Bankruptcy Code on June 21, 2017.

2. Laura J. Genovich ("Trustee") was appointed and continues to serve as the Chapter 7 Trustee.

3. Michelin asserts it is a creditor of the Debtor by virtue of illegally obtained retirement funds by the Debtor.

4. Debtor is a defendant in a criminal complaint filed May 9, 2016, in the United States District Court, Southern District of New York, bearing the caption "*United States of America v. Jason Galonis, et al.*", Case # 16-cv-00371 and Case # 16-cv-00371RA, which alleges violations of 15 U.S.C. §§ 78j(b), 78ff, 80b-6 and 80b-17, 17 C.F.R. §§ 40.10b-5, and 18 U.S.C. §§ 2 and 37 ("Criminal Action").

5. Debtor is also a defendant in the civil action filed May 11, 2016 in the United States District Court, Southern District of New York, bearing the caption "*Securities and Exchange Commission v. Devon Archer, et al.*", Case # 16-cv-03505 ("SEC Action"); in which the SEC seeks disgorgement from Debtor of all ill-gotten gains plus interest thereon arising from wrongful acts and omissions of Debtor and others related to the Michelin Retirement Plan and other securities transactions.

6. Debtor is also named a defendant in a civil action filed by Michelin on November 10, 2016 in the United States District Court, District of South Carolina (Greenville Division), bearing the caption, "*The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan v. Dilworth Paxson, LLP, et al.*", Civil Action 6:16-cv-03604-HMH, (the "SC Civil Action").

7. In the SC Civil Action, Michelin alleges Debtor and his co-conspirators carried out and enabled a fraudulent conspiracy to raid the retirement fund of Michelin and other similarly situated victims and asserts causes of action under ERISA-29 U.S.C. § 1132(a)(3) for knowingly taking part in a prohibited transaction under ERISA, for civil conspiracy under Civil RICO-18 U.S.C. § 1962, for Securities Fraud- 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; S.C. Code Ann. § 35-1-501 *et seq.*, and for tortious interference with a contract.

8. Debtor denies any acts of wrongdoing asserted by Michelin in the SC Civil Action as well as any acts alleged in the SEC Action and the Criminal Action.

9. On October 3, 2017, Michelin filed a *Complaint to Deny Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 523* ("Complaint") in this matter.

10. Debtor and Michelin wish to settle the claims set forth in the Complaint pursuant to the terms of the proposed *Consent Judgment and Order Determining Debt Non-Dischargeable* (the "Consent Order") which is attached to this Motion.

11. The Consent Order provides that the Restitution and Liability (as defined in the Consent Order) are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (4) and (19)(A) (unless Debtor is acquitted of all counts in the Criminal Action), and is signed by counsel for the Debtor and Michelin.

WHEREFORE, Michelin respectfully requests that this Court enter the Consent Order which his attached to this Motion, and grant such other and further relief as this Court may deem just, equitable and proper.

Dated: October 25, 2017

MILLER JOHNSON.
Attorneys for Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan

By: /s/ Rachel L. Hillegonds
Rachel L. Hillegonds (P67684)
hillegondsr@millerjohnson.com
Business Address:
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1711

3