UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

Bevan T. Cooney,

        Debtor(s).

                      /

Case No. 17-03016-jwb
Chapter 7 Filed: 06/21/17
Honorable James W. Boyd
U.S. Bankruptcy Judge

The Michelin Retirement Plan and the
Investment Committee of the Michelin
Retirement Plan,

        Plaintiff,

v.

Bevan T. Cooney,

        Defendant.

                      /

Adv. Pro. Case No. 17-80154

## CONSENT JUDGMENT
## AND ORDER DETERMINING DEBT NON-DISCHARGEABLE

The matter before the Court is the Complaint filed by Michelin Retirement Plans and the Investment Committee of the Michelin Retirement Plan (collectively "Michelin") in which Michelin seeks an order: (i) determining that certain obligations of Bevan T. Cooney ("Debtor") are non-dischargeable debts pursuant to 11 U.S.C. § 523; and (ii) monetary judgment for damages incurred by Michelin resulting from the alleged wrongful acts of the Debtor. The parties have agreed to compromise and settle the issues raised in the adversary proceeding pursuant to the following stipulated facts and terms:

### STIPULATION OF FACTS

    A.    This is an action brought pursuant to 11 USC §§ 101, *et seq.* (the Code) and 11 U.S.C. § 523 seeking the denial of a discharge to Debtor for certain debts of Debtor to Michelin.

B. Michelin asserts it is a creditor of the Debtor by virtue of illegally obtained retirement funds by the Debtor.

C. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 157 in that this proceeding arises under Title 11 of the United States Code, arises in and related to the above-referenced Chapter 7 case, and concerns the issuance of a discharge to Debtor pursuant to 11 U.S.C. § 727. This is a core proceeding filed pursuant to Fed. R. Bankr. P. 7001(4).

D. Venue lies in this District pursuant to Section 1409(a) of Title 28 of the United States Code.

E. Michelin and Debtor consent to the jurisdiction of this Court to enter a final judgment.

F. On June 21, 2017, Debtor filed his Chapter 7 Petition with this Court.

G. Debtor is a defendant in a criminal complaint filed May 9, 2016, in the United States District Court, Southern District of New York, bearing the caption "*United States of America v. Jason Galonis, et al.*", Case # 16-cv-00371 and Case # 16-cv-00371RA, which alleges violations of 15 U.S.C. §§ 78j(b), 78ff, 80b-6 and 80b-17, 17 C.F.R. §§ 40.10b-5, and 18 U.S.C. §§ 2 and 37 ("Criminal Action").

H. Debtor is also a defendant in the civil action filed May 11, 2016 in the United States District Court, Southern District of New York, bearing the caption "*Securities and Exchange Commission v. Devon Archer, et al.*", Case # 16-cv-03505 ("SEC Action"), in which the SEC seeks disgorgement from Debtor of all ill-gotten gains plus interest thereon arising from wrongful acts and omissions of Debtor and others related to the Michelin Retirement Plan and other securities transactions.

I. Debtor is also named a defendant in a civil action filed by Michelin on November 10, 2016 in the United States District Court, District of South Carolina (Greenville Division), bearing the caption, "*The Michelin Retirement Plan and the Investment Committee of the Michelin Retirement Plan v. Dilworth Paxson, LLP, et al.*", Civil Action 6:16-cv-03604-HMH, (the "SC Civil Action").

J. In the SC Civil Action, Michelin alleges Debtor and his co-conspirators carried out and enabled a fraudulent conspiracy to raid the retirement fund of Michelin and other similarly situated victims and asserts causes of action under ERISA-29 U.S.C. § 1132(a)(3) for knowingly taking part in a prohibited transaction under ERISA, for civil conspiracy under Civil RICO-18 U.S.C. § 1962, for Securities Fraud- 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; S.C. Code Ann. § 35-1-501 *et seq.*, and for tortious interference with a contract.

K. Debtor denies any acts of wrongdoing asserted by Michelin in the SC Civil Action as well as any acts alleged in the SEC Action and the Criminal Action.

L. The terms of the Order constitute a settlement and compromise of a disputed claim between the parties.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. Any discharge issued to Debtor under 11 U.S.C. § 727 (the "Discharge") does not discharge the Debtor from any debt or liability that Debtor is hereafter obligated to pay designated as a restitution obligation imposed upon Debtor in the Criminal Action (the "Restitution").

2. The Restitution, if any, is hereby held to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (4) and (19)(A).

3. Debtor consents to entry of a money judgment in this case, the SC Civil Action or any other court of competent jurisdiction for the amount of the Restitution.

4. Unless Debtor is acquitted of all counts in the Criminal Action, Michelin retains the right to pursue any and all civil remedies against the Debtor related to the claims and causes of action asserted in the SC Civil Action. The civil liability, if any, of Debtor for the claims and causes of action asserted by Michelin in the SC Civil Action (the "Liability"), shall not be discharged by any Discharge entered in Debtor's bankruptcy case, and Michelin shall not be enjoined from pursuing its claims and causes of action in the SC Civil Action by such Discharge after its entry.

5. The Liability, if any, is hereby held to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (4) and (19)(A).

6. In the event Debtor is acquitted in the Criminal Action, all potential liability of Debtor arising from the claims and cause of action in the SC Civil Action shall be deemed subject to any Discharge entered in Debtor's bankruptcy case.

7. The right of Michelin to proceed against Debtor in the SC Civil Action or to proceed against Debtor in a separate civil action related to the same claims and causes of action now pled in the SC Civil Action (the "Civil Claims") shall be stayed until the Criminal Action against Debtor has been concluded. Upon the conclusion of the Criminal Action, if Debtor's bankruptcy case is still pending, the automatic stay imposed by 11 U.S.C. § 362 shall automatically terminate and be of no further force and effect as to the Civil Claims.

Prepared by:
Rachel L. Hillegonds (P67684)
Miller Johnson
PO Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700

APPROVED FOR ENTRY:

MILLER JOHNSON,
Attorneys for Michelin Retirement Plan
and the Investment Committee of the
Michelin Retirement Plan

By: /s/ Rachel L. Hillegonds
Rachel L. Hillegonds (P67684)
hillegondsr@millerjohnson.com
Business Address:
P.O. Box 306
Grand Rapids, MI 49501-0306
(616) 831-1711

MORTIMER LAW FIRM, PLC
Attorneys for Debtor

By: /s/ Rory Dixon Mortimer
Rory Dixon Mortimer
info@rdmortimerlaw.com
444 W. Baldwin Street
Alpena, MI 49707
Telephone: 616-726-2280

**End of Order**